IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

U.S. PHILIPS CORPORATION, a Delaware Corporation, KONINKLIJKE PHILIPS ELECTRONICS N.V., a Dutch Corporation, and SHARP CORPORATION, a Japanese Corporation,

    Plaintiffs,

v.

MOTOROLA, INC., a Delaware Corporation,

    Defendants.

---



09-CIV. 7820

COMPLAINT FOR PATENT INFRINGEMENT    JUDGE ROBINSON

Demand For Jury Trial

FILED SEP 1 0 2009 USDC WP SDNY

Plaintiffs, by their attorneys, Epstein Becker & Green, P.C., Of Counsel to Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., for their Complaint, respectfully state:

### Nature of the Action

1.    This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, including, but not limited to, 35 U.S.C. § 281.

### Subject Matter Jurisdiction

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this civil action arises under the laws of the United States and under an Act of Congress relating to patents.

## Parties

3.      Plaintiff U.S. Philips Corporation ("U.S. Philips") is a corporation organized and existing under the laws of Delaware, with a place of business at 345 Scarborough Road, Briarcliff Manor, New York 10510.

4.      Plaintiff Koninklijke Philips Electronics N.V. ("Royal Philips") is a Dutch corporation having an office and place of business in Eindhoven, The Netherlands. U.S. Philips and Royal Philips are collectively referred to herein as "Philips."

5.      Plaintiff Sharp Corporation ("Sharp") is a Japanese Corporation having an office and place of business in Osaka, Japan.

6.      Upon information and belief, Defendant Motorola, Inc. ("Motorola") is a Delaware corporation with an office and principal place of business at 1303 East Algonquin Road, Schaumburg, IL 60196.

## Personal Jurisdiction and Venue

7.      Upon information and belief, Motorola voluntarily placed cellular telephones, including cellular telephones that support the 3GPP standard, into the stream of United States commerce, conscious that New York, including this judicial district, was the likely destination of a substantial quantity of such products or services.

8.      Upon information and belief, a substantial part of the events giving rise to this claim for patent infringement occurred in New York and in this judicial district.

9.      Upon information and belief, Motorola maintains or has maintained continuous and systematic contacts with New York and this judicial district.

10.      Upon information and belief, Motorola is subject to personal jurisdiction in this district because it has maintained continuous and systematic contacts with New York and this judicial district.

11. Upon information and belief, Motorola is subject to personal jurisdiction in this district because it purposefully engaged in activities that gave rise to this claim for patent infringement and which were directed at residents of New York and this judicial district.

12. Upon information and belief, Motorola resides in this judicial district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

13. Upon information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## Factual Background

14. Upon information and belief, the 3rd Generation Partnership Project ("3GPP") formed as a partnership of telecommunications standards bodies for the purpose of developing technical specifications and technical reports for a third generation mobile telephone system. The technical specifications and reports produced and approved by 3GPP are referred to hereinafter as "the 3GPP standard."

15. Upon information and belief, Motorola is in the business of making, using, having made, offering for sale, selling, or importing cellular telephones, including cellular telephones that support the 3GPP standard.

16. Upon information and belief, Motorola has made, offered for sale, sold, or imported cellular telephones, including cellular telephones that support the 3GPP standard, for sale or use in the United States.

17. Upon information and belief, Motorola's cellular telephones, including cellular telephones that support the 3GPP standard, have been made, used, offered for sale, sold, or imported within the United States without authority or license from Philips and/or Sharp.

## First Count
## (Patent Infringement)

18. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17.

19. United States Letters Patent No. 7,089,028 ("the '028 patent") issued on August 8, 2006, to Matthew P. J. Baker, Timothy J. Moulsley, and Bernard Hunt. A copy of the '028 patent, entitled "Radio Communication System," is attached hereto as Exhibit A.

20. Royal Philips and Sharp are the co-owners of the '028 patent.

21. Motorola had knowledge of the '028 patent before the filing of this suit.

22. Motorola had notice of infringement of the '028 patent before the filing of this suit.

23. Motorola was licensed under the '028 patent by operation of the "Settlement Agreement" entered into between Royal Philips and Motorola which became effective on May 30, 2006. This license was terminated effective September 30, 2008.

24. Upon information and belief, Motorola has directly infringed, induced infringement of, and/or contributed to infringement of one or more claims of the '028 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing unlicensed cellular telephones within the United States, including cellular telephones that support the 3GPP standard.

25. Upon information and belief, the infringement by Motorola has been deliberate and willful.

26. Upon information and belief, infringement of the '028 patent is ongoing and will continue unless the Defendant is enjoined from further infringement by the Court.

## Second Count
## (Patent Infringement)

27. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17.

28. United States Letters Patent No. 6,738,640 ("the '640 patent") issued on May 18, 2004, to Matthew P. J. Baker, Timothy J. Moulsley, and Bernard Hunt. A copy of the '640 patent, entitled "Radio Communication System," is attached hereto as Exhibit B.

29. Royal Philips and Sharp are the co-owners of the '640 patent.

30. Motorola had knowledge of the '640 patent before the filing of this suit.

31. Motorola had notice of infringement of the '640 patent before the filing of this suit.

32. Motorola was licensed under the '640 patent by operation of the "Settlement Agreement" entered into between Royal Philips and Motorola which became effective on May 30, 2006. This license was terminated effective September 30, 2008.

33. Upon information and belief, Motorola has directly infringed, induced infringement of, and/or contributed to infringement of one or more claims of the '640 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing unlicensed cellular telephones within the United States, including cellular telephones that support the 3GPP standard.

34. Upon information and belief, the infringement by Motorola has been deliberate and willful.

35. Upon information and belief, infringement of the '640 patent is ongoing and will continue unless the Defendant is enjoined from further infringement by the Court.

### Third Count
### (Patent Infringement)

36. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17.

37. United States Letters Patent No. 5,917,813 ("the '813 patent") issued on June 29, 1999, to Carel J. L. van Driel and Petrus A. M. van Grinsven. A copy of the '813 patent, entitled "Multiple Access Telecommunication Network," is attached hereto as Exhibit C.

38. U.S. Philips and Sharp are the co-owners of the '813 patent.

39. Motorola had knowledge of the '813 patent before the filing of this suit.

40. Motorola had notice of infringement of the '813 patent before the filing of this suit.

41. Motorola was licensed under the '813 patent by operation of the "Settlement Agreement" entered into between Royal Philips and Motorola which became effective on May 30, 2006. This license was terminated effective September 30, 2008.

42. Upon information and belief, Motorola has directly infringed, induced infringement of, and/or contributed to infringement of one or more claims of the '813 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing unlicensed cellular telephones within the United States, including cellular telephones that support the 3GPP standard.

43. Upon information and belief, the infringement by Motorola has been deliberate and willful.

44. Upon information and belief, infringement of the '813 patent is ongoing and will continue unless the Defendant is enjoined from further infringement by the Court.

### Fourth Count
### (Patent Infringement)

45. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 17.

46. United States Letters Patent No. 6,556,838 ("the '838 patent") issued on April 29, 2003, to Matthew P. J. Baker, Timothy J. Moulsley, and Bernard Hunt. A copy of the '838 patent, entitled "Radio Communication System," is attached hereto as Exhibit D.

47. U.S. Philips and Sharp are the co-owners of the '838 patent.

48. Motorola had knowledge of the '838 patent before the filing of this suit.

49. Motorola had notice of infringement of the '838 patent before the filing of this suit.

50. Motorola was licensed under the '838 patent by operation of the "Settlement Agreement" entered into between Royal Philips and Motorola which became effective on May 30, 2006. This license was terminated effective September 30, 2008.

51. Upon information and belief, Motorola has directly infringed, induced infringement of, and/or contributed to infringement of one or more claims of the '838 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, selling,

and/or importing unlicensed cellular telephones within the United States, including cellular telephones that support the 3GPP standard.

52. Upon information and belief, the infringement by Motorola has been deliberate and willful.

53. Upon information and belief, infringement of the '838 patent is ongoing and will continue unless the Defendant is enjoined from further infringement by the Court.

## Prayer for Relief

**WHEREFORE,** Philips and Sharp respectfully request that judgment be entered:

    A.    declaring that the Defendant has infringed the '028, '640, '813 and '838 patents;

    B.    declaring that the Defendant's infringement of the '028, '640, '813 and '838 patents has been deliberate and willful;

    C.    preliminarily and permanently enjoining the Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, from infringement of the '028, '640, '813 and '838 patents, including but not limited to any making, using, offering for sale, selling, and importing of unlicensed cellular telephones in the United States;

    D.    compensating Plaintiffs for all damages caused by the Defendant's infringement of the '028, '640, '813 and '838 patents occurring after September 30, 2008;

    E.    enhancing Plaintiffs' damages up to three times their amount pursuant to 35 U.S.C. § 284;

    F.    granting Plaintiffs pre- and post-judgment interest on its damages, together with all costs and expenses;

    G.    granting Plaintiffs reasonable attorney fees pursuant to 35 U.S.C. § 285; and

    H.    awarding such other relief as this Court may deem just and proper.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

| | |
|---|---|
| U.S. PHILIPS CORPORATION, a Delaware Corporation, KONINKLIJKE PHILIPS ELECTRONICS N.V., a Dutch Corporation, and SHARP CORPORATION, a Japanese Corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>MOTOROLA, INC., a Delaware Corporation,<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:  **DEMAND FOR JURY TRIAL**<br>:<br>:<br>:<br>:<br>: |

------------------------------------------------------------------

      Plaintiffs respectfully request a trial by jury on all claims.

                                        Respectfully submitted,

Dated: September 10, 2009          By: /s/ David S. Poppick
                                            David S. Poppick
                                            Email: dpoppick@ebglaw.com
                                            Tracey A. Cullen
                                            Email: tcullen@ebglaw.com
                                            EPSTEIN BECKER & GREEN, P.C.
                                            One Landmark Square
                                            Stamford, CT 06901
                                            Telephone: (203) 348-3737
                                            Facsimile: (203) 326-7587
                                                   and
                                            Southern District of New York Office
                                            and Post Office Address
                                            250 Park Avenue
                                            New York, NY 10177
                                            Telephone: (212) 351-4500

                                            Attorneys for Plaintiffs
                                            U.S. Philips Corporation,
                                            Koninklijke Philips Electronics N.V., and
                                            Sharp Corporation

*Of Counsel*:

Frank A. DeCosta, III
E-mail: frank.decosta@finnegan.com
Matthew A. Levy
E-mail: matt.levy@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone:    (202) 408-4000
Facsimile:    (202) 408-4400

Attorneys for Plaintiffs
U.S. Philips Corporation,
Koninklijke Philips Electronics N.V., and
Sharp Corporation